# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) | CASE NO. 5:26-cv-129 |
| | ) | |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| JOHN DOE *subscriber assigned IP address* | ) | |
| *173.89.75.97,* | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Strike 3 Holdings, LLC ("Strike 3") filed this lawsuit against an unknown defendant alleging copyright infringement based on defendant's alleged download and distribution of Strike 3's copyrighted adult movies. (*See generally* Doc. No. 1 (Complaint).) On January 29, 2026, Strike 3 filed a motion for leave to serve a third-party subpoena on defendant's internet service provider ("ISP"), Spectrum, prior to a Rule 26(f) conference to identify defendant by correlating the Internet Protocol ("IP") address with defendant's identity. (Doc. No. 5 (Motion for Leave), at 3.)[1] The Court granted Strike 3's motion, subject to certain limitations. (Doc. No. 6 (Order).) Now before the Court is defendant's motion to quash the subpoena and for a protective order. (Doc. No. 7 (Motion).) Defendant, proceeding *pro se*, alleges that "[d]isclosure of Defendant's identity would cause immediate and irreparable harm, including

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

invasion of privacy, risk of coercive settlement pressure, and reputational damage, while providing minimal probative value." (*Id.* at 2.) Defendant requests that the Court quash the subpoena issued to Charter Communications, Inc.,[2] or alternatively, issue a protective order prohibiting the disclosure of defendant's identity. (*Id.* at 1, 4.) Strike 3 opposes defendant's motion. (*See generally* Doc. No. 8 (Opposition).)

Motions to quash or modify a subpoena are governed by Fed. R. Civ. P. 45(d)(3). Rule 45 distinguishes between the mandatory and permissive quashing or modification of subpoenas. "On timely motion, the court for the district where compliance is required *must* quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A) (emphasis added). "[T]he court for the district where compliance is required *may*, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B) (emphasis added). The party moving to quash the subpoena bears the burden of persuasion. *Strike 3 Holdings, LLC v. Doe*, No. 2:25-cv-129, 2025 WL 3140385, at *1 (S.D. Ohio Nov. 10, 2025) (citing *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011)).

Defendant has not demonstrated that the subpoena should be quashed. The crux of defendant's challenge is that he has a strong privacy interest in quashing the subpoena. But it is well established that

---

[2] Charter Communications is the telecommunications company whose services are branded as Spectrum. *See* Charter Commc'n, Inc., Annual Report (Form 10-K), at 10 (Jan. 30, 2026). The Court takes judicial notice of this fact because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b)(2); *see also Jiangbo Zhou v. Lincoln Elec. Co.*, No. 1:20-cv-18, 2020 WL 2512865, at *3 (S.D. Ohio May 15, 2020) (taking judicial notice of a parent-subsidiary relationship based on defendant's SEC Form 10-K filing).

in cases of alleged copyright infringement, defendants only have a minimal privacy interest in the information requested by subpoenas to third parties seeking to identify an alleged copyright infringer. *See, e.g., Malibu Media, LLC v. Doe*, No. 1:15-cv-1342, 2015 WL 6758219, at *2 (N.D. Ohio Nov. 5, 2015) ("Defendant has only a minimal privacy interest in the information requested by the subpoena[.]"); *Third Degree Films, Inc. v. Does 1-108*, No. 11-cv-3007, 2012 WL 669055, at *2 (D. Md. Feb. 28, 2012) ("Where the free speech at issue is alleged copyright infringement, . . . courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small." (quotation marks and further citations omitted)); *see also Malibu Media, LLC v. Doe*, No. 1:14-cv-383, 2014 WL 4986467, at *4 (S.D. Ohio Oct. 6, 2014) ("The subpoenaed information—name, address, telephone number, and e-mail address—is information that Defendant shared with her ISP and does not provide a basis to quash the subpoena based on privilege or privacy interests." (citation omitted)).

This minimal privacy interest must be balanced against Strike 3's interest protecting its copyrighted material from infringement. *See Strike 3 Holdings, LLC v. Doe*, No. 21-cv-7014, 2022 WL 704022, at *3 (S.D.N.Y. Mar. 8, 2022). "'[I]n the absence of the ability to subpoena the [defendant's ISP], the Plaintiff will be unable to identify and serve Defendant, effectively terminating the litigation.'" *Id.* (quoting *Strike 3 Holdings, LLC v. Doe*, No. 18-cv-2651, 2018 WL 2229124, at *2 (S.D.N.Y. Apr. 25, 2018)); *see also Malibu Media, LLC v. Doe*, No. 1:15-cv-1342, 2015 WL 6758219, at *2 (N.D. Ohio Nov. 5, 2015) (recognizing that granting an unknown defendant's motion to quash a subpoena seeking information to uncover defendant's identity "effectively prevents plaintiff from pursuing what appears to be a legitimate copyright infringement claim because plaintiff could not serve defendant"). Here, the Court finds that defendant's minimal privacy interest in the information Strike 3 seeks is outweighed by Strike

3's right to use the judicial process to pursue its copyright infringement claim.[3] Consequently, the Court denies defendant's request to quash the subpoena.

In the alternative, defendant requests the issuance of a protective order "prohibiting disclosure of Defendant's name and address." (Doc. No. 7, at 1.) The Court's ability to issue protective orders is governed by Fed. R. Civ. P. 26(c). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "Granting a protective order motion is within the trial court's discretion, but that discretion is circumscribed by a long-established legal tradition which values public access to court proceedings." *Erie Indem. Co. v. Keurig, Inc.*, No. 1:10-cv-2899, 2011 WL 2160302, at *1 (N.D. Ohio June 1, 2011) (quotation marks and citations omitted). Strike 3 does not oppose the entry of a limited protective order permitting defendant to proceed under the pseudonym "John Doe" until the close of discovery. (Doc. No. 8-1 (Plaintiff's Proposed Order), at 1.)

Courts have entered limited protective orders allowing defendants to proceed anonymously in similar cases involving adult content. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 2:24-cv-3034, 2025 WL 826562, at *2 (W.D. Tenn. Feb. 18, 2025); *Strike 3 Holdings, LLC v. Doe*, No. 2:23-cv-3193, 2023 WL 7731798, at *2 (S.D. Ohio Oct. 24, 2023). Several considerations drive those decisions. First, defendants in these types of cases may be misidentified, leading to undue embarrassment. *See, e.g.*, *Strike*

---

[3] Defendant also cites the risk of "coercive settlement pressure" and the fact that the disclosure of an IP address may not necessarily identify the infringing individual. (Doc. No. 7, at 2–3.) As to the former concern, although the Court recognizes that other courts have described Strike 3's settlement practices as "coercive," *see, e.g., Strike 3 Holdings, LLC v. Doe*, No. 2:24-cv-3034, 2025 WL 826562, at *1 (W.D. Tenn. Feb. 18, 2025), the Court concludes that this, alone, does not outweigh Strike 3's legitimate interest in protecting its copyrighted material from infringement. As to the latter concern, the Court is unpersuaded that this justifies the quashing of the subpoena because "[e]ven if the customer associated with the IP address is not necessarily the person who illegally download[ed] plaintiff's software, the customer's name is the first step in identifying the proper defendant." *reFX Audio Software, Inc. v. Does 1-111*, No. 13-cv-1795, 2013 WL 3867656, at *2 (N.D. Ill. July 23, 2013); *see also Malibu Media, LLC v. Doe*, No. 1:14-cv-2744, 2015 WL 1291458, at *2 (N.D. Ohio Mar. 23, 2015) ("At the very least, having John Doe's name and contact information will allow Plaintiff to investigate its copyright claims and determine who exactly should be named as the defendant in this case." (citation omitted)).

*3*, 2025 WL 826562, at *2 (recognizing "that this litigation could cause Doe unnecessary embarrassment, especially if he is not the proper party" (citations and quotation marks omitted)); *Strike 3 Holdings, LLC v. Doe*, No. 19-10720, 2019 WL 2523591, at *1 (E.D. Mich. June 19, 2019) (collecting cases and recognizing that "ISP subscribers may not be the individuals who allegedly infringed upon Strike 3 Holdings' copyright"); *Patrick Collins, Inc. v. Does 1–4*, No. 12-cv-2962, 2012 WL 2130557, at *1 (S.D.N.Y. June 12, 2012) ("Indeed, the true infringer could just as easily be a third party who had access to the internet connection, such as a son or daughter, houseguest, neighbor, or customer of a business offering an internet connection. There is a real risk that defendants might be falsely identified and forced to defend themselves against unwarranted allegations."). Second, these types of cases are susceptible to coercive litigation tactics. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 2:24-cv-2069, 2024 WL 1941695, at *2 (W.D. Tenn. May 2, 2024) (recognizing the "risk that [Strike 3] would coerce a settlement against [the defendant] by threatening to unmask him or her in this lawsuit"); *Strike 3 Holdings, LLC v. Doe,* No. 3:18-cv-1945, 2019 WL 1122984, at *3–4 (D. Conn. Mar. 12, 2019) (collecting cases and recognizing potential for coercive litigation tactics).

Here, defendant cites to similar concerns. He points out that "disclosure of Defendant's identity would cause immediate and irreparable harm, including invasion of privacy, risk of coercive settlement pressure, and reputational damage, while providing minimal probative value." (Doc. No. 7, at 2–3.) He expresses particular concern regarding the risk of misidentification because "the internet connection associated with the identified IP address is not restricted to a single individual or device" but instead "has been shared with numerous individuals, including frequent visitors who do not reside at the premises." (*Id.* at 2.)

As they pertain to the issuance of a protective order, Court finds those arguments compelling, but "a plaintiff's privacy interests [must] substantially outweigh the presumption of open judicial

5

proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Until discovery confirms that defendant is the alleged infringer, the Court finds that defendant's privacy interests substantially outweigh any interest the public has in knowing defendant's identity, particularly given the sensitive nature of the allegations in this case.

For the foregoing reasons, defendant's motion (Doc. No. 7) is **GRANTED in part** as follows:

1. To the extent defendant seeks to quash the subpoena issued to Charter Communications, Inc./Spectrum pursuant to the Court's prior order (Doc. No. 6), the request is **DENIED**;

2. To the extent defendant requests a protective order, the request is **GRANTED**, subject to certain limitations. The Court will issue a protective order allowing defendant to proceed anonymously for a limited time, at least until some discovery can be completed to determine whether he is the proper defendant. *See, e.g.*, *Strike 3*, 2019 WL 2523591, at *1 (allowing unnamed defendant to proceed anonymously "until discovery suggests that he or she is the individual connected to the IP address in Strike 3's non-party subpoena"); *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 207 (N.D. Ill. 2013) ("In the exercise of its discretion, the Court thus allows Does 2, 3, and 5 to proceed anonymously during the discovery phase of this suit and prohibits [the plaintiff] from revealing their identities in any public filing or communication absent prior express authorization by this Court."). If discovery reveals that he is the proper defendant, then the Court will reconsider this order. Until then, the Court directs Strike 3 not to publicly identify defendant by his true name or other identifying information. That includes publicly filing documents in this case that disclose defendant's name or other personal

6

identifying information. By June 1, 2026, the parties are directed to file a joint status report concerning the continuing need, if any, for a protective order.

**IT IS SO ORDERED**.

Dated: February 27, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**